Mr. F. Joseph McMackin, III Attorney for Pelican Bay Improvement District The Four Hundred Building Suite 301 400 Fifth Avenue South Naples, Florida 33940-6597
Dear Mr. McMackin:
You have requested my opinion on substantially the following question:
 Is the Pelican Bay Improvement District authorized to bill for and collect service fees from the residents of the district due to a commercial cable television company?
In sum:
 The Pelican Bay Improvement District is not authorized by Ch. 74-462, Laws of Florida, as amended, to bill for or collect service fees on behalf of a commercial cable television company.[1]
You state that the cable television charge would be included as a separate item on the utility billing statements of the district to the residents and the gross amount would be remitted to the cable television provider.
The Pelican Bay Improvement District was created by Ch. 74-462, Laws of Florida, to provide for water management and control systems, and water and sewage facilities.[2]
Among the powers the governing board of the district may exercise are the powers:
 (2) To adopt water management and control plans and to establish, construct, operate and maintain a system of lakes, main and lateral canals, drains, ditches, levees, dikes, dams, sluice, locks, revetments, reservoirs, holding basins, floodways, pumping stations, syphons, culverts, and storm sewers to provide water management and control systems for the lands within the district and to connect some or any of them with roads and bridges as in the judgment of the board is deemed advisable to provide access to such facilities.
* * *
 (5) To build and construct any other works and improvements deemed necessary to preserve and maintain the works in the district, to acquire, construct, operate, maintain, use, sell, convey, transfer or otherwise provide for machines, materials and equipment for any purpose authorized by this act; and to contract for the purchase, construction, operation, maintenance, use, sale, conveyance and transfer of the said machinery, materials and equipment.
 (6) To construct or enlarge, or cause to be constructed or enlarged any and all bridges or culverts that may be needed in the district, across any drain, ditch, canal, floodway, holding basin, excavation, public highway, tract, grade, fill or cut; to construct roadways over levees and embankments; to construct any and all of said works and improvements across, through, or over any public right of way highway, grade, fill or cut in the district.[3]
The district is authorized to assess and impose ad valorem taxes, special benefits taxes and maintenance taxes as provided in the act and to issue general obligation bonds, revenue bonds, assessment bonds or other bonds district projects.[4]
With regard to collecting fees, "[t]he district is authorized to prescribe, fix, establish and collect rates, fees, rentals, or other charges . . . for the facilities and services furnished by the district, . . . to recover the costs of making connection with any district facility or system; and to provide for reasonable penalties against any user or property for any such rates, fees, rentals, or other charges that are delinquent."[5] (e.s.)
Statutory entities such as special districts possess only such powers as are expressly given or necessarily implied because they are essential to carry out powers expressly granted.[6]
Pursuant to its enabling legislation, the district is only authorized to collect fees for the services furnished by the district.[7] No express authority is given to the district to collect fees or charges for such services as those provided by a commercial cable company for cable television services and such power does not appear to be necessary to the performance of any duties of the district.
Therefore, it is my opinion that the Pelican Bay Improvement District is not authorized to bill for or collect commercial cable television service fees from the residents of the district.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] While your letter cites s. 190.012(2)(a), F.S., as authority for the district to collect such fees, I would note that the "Uniform Community Development District Act of 1980", Ch. 190, F.S., specifically provides that "[t]his act does not affect any community development district or other special district existing on June 29, 1984; and existing community development districts will continue to be subject to the provisions of chapter 80-407, Laws of Florida." See, s. 190.004(2), F.S. Chapter 80-407, Laws of Florida, excludes from operation of the act "special districts existing on October 1, 1980." See, s. 2, Ch. 80-407, Laws of Florida. Thus, the provisions of Ch. 190, F.S., do not apply to the Pelican Bay Improvement District, which was created prior to and existed on October 1, 1980. See also, s. 190.004(1), F.S., which provides that the act shall be applied prospectively.
[2] See, Title to Ch. 74-462, Laws of Florida.
[3] Section 5, Ch. 74-462, Laws of Florida.
[4] Sections 5(8) and 5(20), Ch. 74-462, Laws of Florida.
[5] Section 44(1), Ch. 74-462, Laws of Florida.
[6] Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919); AGO's 85-65, 84-40, and 82-89.
[7] Section 44(1), Ch. 74-462, Laws of Florida.